## Larsen, Appellant v. Larsen.

*Divorce—Sterility—Impotency—Proof—Act of March 13, 1815, 6 Sm. L. 286.*

Proof that libellant bore a child prior to her marriage with the respondent, and that the marriage relations sustained with the respondent for over eight years have not resulted in conception, without proving that the respondent is either sterile or incapable of procreation, does not satisfy the requirements of the Act of March 13, 1815, 6 Sm. L. 286. The incapacity under the Act must be general. It is not satisfied by simple proof that that marital relations with the libellant do not result in conception.

Argued April 14, 1926. Appeal No. 188, April T., 1926, by libellant, from decree of C. P. Erie County, February T., 1926, No. 12, in the case of Nielsine Mathea Larsen v. Carl Alfred Larsen. Before PORTER,

98,(1926).]    Statement of Facts—Opinion of the Court.

P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.    Affirmed.

Libel in divorce.    Before HIRT, J.

The facts are stated in the opinion of the Superior Court.    The libel was dismissed.    Libellant appealed.

*Error assigned* was the decree of the Court.

*Lytle F. Perry,* for appellant.

No appearance and no printed brief for appellee.

OPINION BY KELLER, J., May 4, 1926:

The libellant based her application for divorce on the ground that respondent "was at the time of their marriage and still is naturally impotent or incapable of procreation and that the said incapacity is incurable."    The testimony produced in support of her charge is confined to proof (1) that the libellant is a normal woman and bore a child prior to her marriage with respondent; and (2) that marital relations sustained with respondent for over eight years have not resulted in conception, notwithstanding nothing was done by either party to prevent it.

We need not now decide whether the phrase "naturally impotent or incapable of procreation," as used in the Act of March 13, 1815, 6 Sm. L. 286, specifies only one or two separate grounds for divorce; or whether the term "incapable of procreation" is equivalent to mere sterility.    There is no proof in this case that the respondent is either sterile or incapable of procreation. The incapacity under the act must be general.    It is not satisfied by simple proof that marital relations with libellant do not result in conception.    It is well recognized that "although sterile with one person of the opposite sex either male or female may be fertile with

others.'' Lydston on Impotence and Sterility, p. 102. A normal male and normal female may each be capable of procreating and yet be unable to have issue by the other.

The learned court below committed no error in dismissing the libel.

The decree is affirmed at the costs of the libellant.